## IN THE SUPREME COURT OF PENNSYLVANIA
## WESTERN DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: MEAGAN HART, | : | No. 14 WM 2025 |
| ESQUIRE MOTION FOR EXTENSION | : | |
| PURSUANT TO RULE 311(G) | : | |

## CONCURRING STATEMENT

**JUSTICE DOUGHERTY**

As I recently explained, "[f]or too long, this Court has been too lax in its treatment of requests by out-of-state attorneys for extensions of limited licenses issued under Pennsylvania Bar Admission Rule 311.[1]  The Rule's mandate is clear: 'Admission to practice under this rule shall expire after 30 months, unless the Court **for good cause shown** shall extend such period in an individual case.'  Pa.B.A.R. 311(g) (emphasis added)."  *In the Matter of: Taylor de Laveaga*, 5 WM 2025, at 1 (Pa. Mar. 17, 2025) (Dougherty, J., concurring statement).  The "good cause shown" language in Rule 311(g) necessarily requires "an applicant [to] specify why the attorney was unable to obtain admission to the Pennsylvania bar in the normal course within the thirty months afforded by Rule 311."  *Id.* (internal quotations and citation omitted).

Having provided that long-overdue clarification, which was endorsed by a majority of the Court,[2] I cautioned future applicants that, "moving forward, [they] are now on fair

---

[1] *See* Pa.B.A.R. 311(a) (authorizing limited license for admission to practice law for "an attorney who is not a member of the bar of this Commonwealth but is qualified to practice in the courts of another state and who is employed by or associated with an organized legal services program in this Commonwealth providing legal assistance to indigents in civil matters or a public defender's office or defender association in this Commonwealth providing legal assistance to indigents in criminal matters").

[2] Justices Mundy and Brobson joined my concurring statement, which adopted Justice Wecht's position that "[a] 'good cause' showing . . . must specify why the attorney was (continued…)

notice that this Court has course-corrected and intends to enforce Rule 311(g)'s 'good cause shown' requirement. Future failures to demonstrate 'good cause' will not be excused based on this Court's past practice." *Id.* at 2.

Today the Court grants extensions of limited licenses to applicants Hart and Shepherd, *see In the Matter of: Rieko Shepherd*, 24 WM 2025, even though both utterly failed to show good cause. I join the Court's orders for two idiosyncratic reasons. First, applicant Hart filed her extension request nearly one month before I issued my concurring statement in *de Laveaga*. Thus, although she is employed by the same organization as applicant de Laveaga and presumably learned about it later, she was not "on fair notice" of our course correction at the time she filed her application. Second, although applicant Shepherd filed her application nine days after we granted reconsideration in *de Laveaga*, it appears that decision has yet to be officially published. Moreover, she does not share the same employer as applicants de Laveaga and Hart. Given these circumstances, "I do not believe th[ese] individual applicant[s] should bear the consequences of this Court's abrupt shift to more rigorous enforcement of Rule 311." *Id.*

To be perfectly clear, however, as I see it, once this matter is published, future applicants will finally be "on fair notice that this Court has course-corrected and intends to enforce Rule 311(g)'s 'good cause shown' requirement." *Id.* This means that to obtain relief, an applicant from that date forward must specify why he or she was unable to obtain admission to the Pennsylvania bar in the normal course within the thirty months afforded

---

unable to obtain admission to the Pennsylvania bar in the normal course within the thirty months afforded by Rule 311." *In the Matter of: Taylor de Laveaga,* 5 WM 2025, at 1-2 (Pa. Mar. 17, 2025) (Wecht, J., dissenting statement); *see id.* at 1 ("a subsequent 'good cause' showing for extension cannot merely repeat the previously-made averment that this is the public interest work the attorney is doing").

by Rule 311.[3]  Failure to meet this standard "**will not be excused based on this Court's past practice**."  *Id.* (emphasis added).

Justices Donohue, Mundy, Brobson and McCaffery join this concurring statement.

---

[3] I recognize there may be others whose temporary licenses are set to expire between the period when this decision issues and the results of the next available Pennsylvania Bar Exam (in February 2026) become available.  In my view, any such applicants would be similarly situated to the present applicants and thus entitled to similar relief.